OPINION
{¶ 1} On November 6, 2002, appellee, the Stark County Department of Job and Family Services, filed a complaint alleging Darrell Cortez Johns born November 3, 2002, to be a dependent, neglected and abused child, and seeking permanent custody. The child was born cocaine positive. Mother of the child is appellant, Kristen Johns; alleged father is Anthony Allen.
 {¶ 2} On November 19, 2002, appellee filed an amended complaint alleging the same. A permanent custody hearing was held on February 3, 2003 wherein appellant stipulated to abuse. By judgment entry filed March 17, 2003, the trial court granted the motion and awarded appellee permanent custody of the child. Findings of fact and conclusions of law were filed on same date.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY WHEN THE WRITTEN GUARDIAN AD LITEM REPORT WAS UNTIMELY SUBMITTED AND APPELLANT DID NOT HAVE THE OPPORTUNITY TO CROSS-EXAMINE THE GUARDIAN AS TO HER WRITTEN REPORT."
 II {¶ 5} "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFICIENCY OF THE EVIDENCE."
 III {¶ 6} "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I {¶ 7} Appellant claims the trial court erred in permitting the written report of the guardian ad litem to be filed after the permanent custody hearing. We disagree.
 {¶ 8} R.C. 2151.414(C) states "[a] written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath."
 {¶ 9} The guardian ad litem filed her written report on February 11, 2003, eight days after the permanent custody hearing. Appellant argues without a written report, her cross-examination rights during the hearing were limited. In discussing the untimely written report and appellant's objection thereon, the trial court stated the following:
 {¶ 10} "The statute says it has to be submitted, as you well know Miss Blake for a requirement so that's a local rule and I can defer from that and I'm not going to make any judgment until it's given and I'm going to give you the opportunity now so we're clearly on the record, to ask her any questions in light of the recent in re Hoffman decision of the Supreme Court." T. at 78.
 {¶ 11} The guardian ad litem voiced her concerns to the trial court and after her oral report, defense counsel declined the invitation to question her. T. at 82.
 {¶ 12} The guardian ad litem's written report presented no new facts or thoughts on the relevant issues than had already been testified to by the caseworkers. The trial court's findings of fact and conclusions of law do not specifically state any reliance on the guardian's views.
 {¶ 13} For these reasons, we find the trial court did not err in accepting the guardian ad litem's report after the hearing.
 {¶ 14} Assignment of Error I is denied.
 II, III {¶ 15} Appellant claims the trial court's decision to grant permanent custody to appellee was against the manifest weight of the evidence and was not in the best interests of the child.
 {¶ 16} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
 {¶ 17} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 18} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 19} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 20} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
 {¶ 21} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 22} "(16) Any other factor the court considers relevant."
 {¶ 23} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child.
 {¶ 24} Both sides have compelling and arguably valid reasons in support of their respective positions. Appellant argues she was given only three months to complete the case plan and during these three months, she was at Quest House, a residential treatment center. Appellee argues two of appellant's children have been permanently removed from her custody as she never completed the case plans in those cases. In addition, legal custody of two other children has been given to relatives. Appellee essentially argues history will only repeat itself and the agency should not have to go through the motions when the result will be the same. T. at 29-30, 33.
 {¶ 25} The trial court accepted appellee's argument and found appellant's past conduct with case plans was indicative of what the outcome would be in the case sub judice. See, Finding of Fact Nos. 15, 16, 18 and 24. Although appellee's argument and the trial court's decision may very well pan out to be correct, we find this record does not support the trial court's conclusions for the following reasons.
 {¶ 26} The case plan consisted of five objectives: 1) complete substance abuse treatment and weekly urine screens; 2) complete Goodwill Parenting classes; 3) obtain a psychological evaluation and follow any recommendations; 4) obtain and maintain employment and stable housing; and 5) contact Planned Parenthood for birth control options. T. at 17-21.
 {¶ 27} Regarding the first objective, appellant has been in residential treatment since the birth of the child at issue. T. at 13, 16. During this time, all of appellant's "urine droppings have been negative," she was completing the program and was scheduled for possible release toward the end of February, 2003. T. at 17-18, 24-25, 32.
 {¶ 28} As for the Goodwill Parenting classes, appellant was unable to attend classes while in Quest House. T. at 18, 48-49. In addition, the classes appellant needed to care for her child were not offered to her. T. at 34-35.
 {¶ 29} Appellant completed a psychological evaluation. T. at 19, 50-51. The evaluator did not recommend permanent custody, but did recommend completion of the case plan and counseling for eight months. T. at 19, 26-27. It was impossible for appellant to complete eight months of counseling in the three month time period allotted by appellee.
 {¶ 30} As for obtaining and maintaining employment and stable housing, appellant is "excluded from the JOBS program while I am in house treatment" and applied for Section 8 housing. T. at 28, 51-52. She has also looked into housing programs through the Y and New Beginnings. T. at 52.
 {¶ 31} Appellant completed the objective regarding Planned Parenthood. T. at 20-21, 53-54.
 {¶ 32} Appellant has attended visits with the child every two weeks pursuant to the standard visitation policy. T. at 31, 59. Her behavior has been appropriate. Id.
 {¶ 33} The evidence presented does not support the conclusion that appellant would only fail again. The child sub judice is a newborn and as a result, appellant started with a clean slate as to this child. We find it was error for the trial court to predicate its decision on appellant's past failures without affording her the time to attempt to successfully complete the case plan.
 {¶ 34} Upon review, we find the trial court erred in granting appellee permanent custody of the child.
 {¶ 35} Assignments of Error II and III are granted.
 {¶ 36} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed in part and reversed in part.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.